IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Lord Rev. DYJUAN D. BARNES, Yahweh PH.D, | 8:17CV316 |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| DONALD J. TRUMP, President, MICHAEL PENCE, Vice President, MITCH MCCONNELL, Senator, PAUL RYAN, Speaker, THE ENTIRE REPUBLICAN PARTY/GOP, and THE ENTIRE DEMOCRAT PARTY, | |
| Defendants. | |

Plaintiff, DyJaun D. Barnes, filed his Complaint (Filing No. 1) on August 25, 2017, and was granted leave to proceed in forma pauperis on August 28, 2017 (Filing No. 5). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that the President, Vice President, Senate Majority Leader, House Speaker, and both of the major political parties are "conspiring to destroy America and any and all true Americans" (Filing No. 1 at CM/ECF p. 6). In particular, he claims Defendants are "attempting to destroy health care and . . . the social safety network" in order to provide tax breaks to the wealthy (*id.*). He seeks to have Defendants arrested and ordered to pay $3 trillion in damages (*id.* at p. 7).

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION OF PLAINTIFF'S CLAIM

"Our Constitution is a charter for limited government." *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996). Article III limits the judicial power to "cases" and "controversies." U.S. Const., art. III., § 2, cl. 1. "From this bedrock requirement flow several doctrines—e.g., standing, mootness, ripeness, and political question—which

state fundamental limits on federal judicial power in our system of government." *Mausolf*, 85 F.3d at 1300 (internal quotation marks and citations omitted).

To establish constitutional standing, Plaintiff must show that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Kuhns v. Scottrade, Inc.*, No. 16-3426, __ F.3d __, 2017 WL 3584046, at *2 (8th Cir. Aug. 21, 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016)). Plaintiff's allegations do not show that he has suffered an "injury in fact," that is, "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Spokeo*, 136 S.Ct. at 1584). Plaintiff's generalized fear that Defendants will "take our (mine and many others) health care coverage and . . . totally destroy the social safety net of America" (Filing No. 1 at CM/ECF p. 7) does not state a justiciable claim. Plaintiff essentially is requesting the court to make a political decision, which is not the role of the judiciary. *See Baker v. Carr*, 369 U.S. 186, 210 (1962) ("The nonjusticiability of a political question is primarily a function of the separation of powers.").

### IV. CONCLUSION

Plaintiff's Complaint is frivolous, and amendment would be futile because the court does not have jurisdiction over the claim alleged. Accordingly,

IT IS ORDERED that Plaintiff's Complaint is dismissed without prejudice, and Judgment will be entered by separate document.

DATED this 30th day of August, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge